# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-417-RJC-DCK

| | |
|---|---|
| LISA MOYE and THEODORE MOYE, | ) |
| Plaintiffs, | ) |
| | ) MEMORANDUM AND |
| v. | ) RECOMMENDATION |
| | ) |
| JOHN FERGUSON, PIVOT SUPPLY | ) |
| CHAIN SOLUTIONS, CARRIER 411, | ) |
| and HYDE COUNTY EGG FARM, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss For Lack Of Personal Jurisdiction, Improper Venue, Insufficient Process, And For Insufficient Service Of Process" (Document No. 4) and the "Motion To Dismiss" (Document No. 12). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Plaintiffs Lisa Moye ("Lisa" or "Ms. Moye") and Theodore Moye ("Theodore" or "Mr. Moye") (together "Plaintiffs") initiated this action with the filing of a "Verified Complaint For Preliminary And Permanent Injunction And For Damages" (Document No. 1) (the "Complaint") on July 12, 2023. The Complaint includes factual allegations summarized below which are accepted as true at this stage of the litigation. See (Document No. 1, pp. 1-4). To date, Plaintiffs are appearing without the assistance of counsel.

Plaintiffs live in Charlotte, North Carolina, and own Moye Trucking, LLC. (Document No. 1, p. 1). Defendant Pivot Supply Chain ("Pivot") has a principal place of business in Lisle, Illinois and is owned by Defendant John Ferguson ("Mr. Ferguson"). Id. Pivot is "a broker company that partners with manufacturers, distributors, and shippers to provide customized transportation solutions." (Document No. 1, p. 2). On August 19, 2022, Pivot "confirmed an order for Theodore to pick up an order" on August 20, 2022, from Defendant Hyde County Egg Farm, located in Pantego, North Carolina, and to deliver that order to Cal-Maine Foods in Bethune, South Carolina, by August 22, 2022. Id.

On August 20, 2022, "Theodore picked up 1,440 Large Packed 24 dozen eggs from Hyde County Egg Farm." Id. "Hyde County Farms loaded the eggs on Theodore's truck." Id. Upon arrival at Cal-Maine Foods, an agent from Cal-Maine Foods "broke the seal and unloaded the truck." Id. On August 22, 2022, "Cal-Maine stated that two pallets of Eggs were damaged and refused to pay." Id.

The Complaint further alleges that Mr. Ferguson publicly accused Mr. Moye and Moye Trucking, LLC of "being responsible for the damaged Shipment along with multiple other false and defamatory statements and reported it to CARRIER 411." Id. Carrier 411 is located in Lake Mary, Florida, and is also named as a Defendant in this action. (Document No. 1, pp. 1-2). Plaintiffs contend the "statements made were willful and done with malicious intent." (Document No. 1, p. 2). Moreover, Mr. Ferguson, through Pivot, "authored and posted a false and defamatory Freightguard Report about Theodore and Lisa's Company, Moye Trucking on Carrier411." (Document No. 1, pp. 2-3).

"Carrier411 is an online forum that is widely used in the shipping industry" where companies post about their dealing with carriers, shippers, and brokers.[1] (Document No. 1, p. 3). Essentially, "Carrier411 is used throughout the industry as a kind of background check to give a broker or customer confidence when choosing a carrier." Id. Plaintiffs contend they have been damaged and lost business due to Mr. Ferguson's "demonstrably false" post on Carrier 411. (Document No. 1, pp. 3-4).

Plaintiffs assert causes of action for: (1) defamation (against Carrier 411, Ferguson, and Pivot); (2) tortious interference with business expectancy (against Ferguson); (3) negligence (against Hyde County Egg Farm); and (4) preliminary and permanent injunction. (Document No. 1, pp. 4-8). The Complaint references Exhibits 1, 2, and 3; however, there are no exhibits attached to the Complaint. See (Document No. 1, pp. 2-3); see also (Document No. 4-1, p. 1)(citing Document No. 4-2, ¶22).

In response to the Complaint, Defendants Ferguson and Pivot filed a "Motion To Dismiss For Lack Of Personal Jurisdiction, Improper Venue, Insufficient Process, And For Insufficient Service Of Process" (Document No. 4) on August 15, 2024. Mr. Ferguson and Pivot seek dismissal pursuant to Fed.R.Civ.P. 12(b)(3)-(5). (Document Nos. 4, 4-1).

Plaintiffs failed to file a timely response to the "Motion To Dismiss…" (Document No. 4) and the Court then issued a Roseboro "Order" (Document No. 6) advising them of their right to respond. "Plaintiff's Reply To Defendant's Motion To Dismiss" (Document No. 15) was filed on October 16, 2023. The "Memorandum In Law Of Defendants John Ferguson And Pivot Supply Chain Solutions In Reply To The Plaintiffs' Reply To Defendants' Motion To Dismiss" (Document No. 17) was filed on October 23, 2023.

---

[1] To date, Carrier 411 has not filed a response to the Complaint.

On October 12, 2023, "Defendant Rose Acre Farms, Inc., improperly identified as 'Hyde County Egg Farm,'" also filed a "Motion To Dismiss" (Document No. 12). Rose Acre Farms, Inc. seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1)-(6). (Document Nos. 12, 13). Despite the Court issuing another Roseboro "Order" (Document No. 16), Plaintiffs have failed to file any response to the "Motion To Dismiss" (Document No. 12). In fact, it appears the Court's Order was returned as "undeliverable." See (Document Nos. 18 and 19).

The pending motions are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARDS OF REVIEW

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Where jurisdiction is founded on diversity of citizenship, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

> A motion to dismiss under Rule 12(b)(4) challenges "the sufficiency of the form of the process." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000). "Essentially, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served," Wright v. Tyson Foods, Inc., No. 5:18-CV-27, 2018 WL 3232776, at *1 (E.D.N.C. June 30, 2018), and "[a]

4

> typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint," id. In the instance of a naming error, "[t]he court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2). "[A] court [also] has the discretion to substitute *nunc pro tunc* the real party for the mistaken party following the dismissal of the complaint [against the mistaken party]." James v. University of N. Carolina Health Care Hosp., No. 1:18CV339, 2018 WL 4518700, at *4 (M.D.N.C. Sept. 20, 2018).

Connell v. Adams, 2023 WL 2914856, at *2 (M.D.N.C. Apr. 12, 2023).

Under a 12(b)(5) motion to dismiss for insufficient service, the burden is on the plaintiff to establish that proper service has been accomplished. Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp 519, 526 (M.D.N.C. 1996). The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. Id. (citing Montgomery, Zukerman, Davis, Inc. v. Diepenbrock, 698 F.Supp. 1453, 1459 (S.D.Ind. 1988)). Service on a corporate defendant must be "reasonably calculated to provide actual notice and an opportunity to defend." Id. (citing Capstar Corp. v. Pristine Indus., Inc., 768 F.Supp. 518, 521 (W.D.N.C.1991)). "The federal rules require that a defendant be served with the complete pleading and a copy of the summons," including all exhibits. Danik v. Housing Auth. of Baltimore City, 396 Fed.Appx 15, 16 (4th Cir. 2010) (*per curiam*) (citing Fed.R.Civ.P. 4(c), 10(c)).

### III. DISCUSSION

**A. "Motion To Dismiss…" (Document No. 4)**.

Ferguson and Pivot seek dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(3), (4), and (5) for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. (Document Nos. 4, 4-1).

1. Venue

The moving Defendants first argue that venue before this Court is improper based on "Pivot's Broker Carrier Agreement" (Document No. 4-2, pp. 5-8) (the "Agreement"). (Document

5

No. 4-1, pp. 2-8).  Defendants note that "a motion to dismiss based on a forum selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue."  (Document No. 4-1, p. 4)(quoting Sucampo Pharm. Inc. v. Astellas Pharms. Inc., 471 F.3d 544 (4th Cir. 2006)).

According to Defendants, Pivot "advertised a load/shipment on DAT (freight exchange services – load board)" and Mr. Moye responded by contacting Ferguson at Pivot's office in Illinois.  (Document No. 4-1, p. 4)(citing Document No. 4-2).  Mr. Ferguson sent a Broker Carrier Agreement to Mr. Moye via email through MyCarrierPackets.com.  (Document No. 4-1, p. 5). MyCarrierPackets.com then sent a confirmation to Mr. Ferguson on August 19, 2023, that Theodore Moye, on behalf of Moye Trucking, LLC, had executed the Agreement (Document No. 4-2, pp. 5-8).  (Document No. 4-1, p. 5).  Defendants contend that "Pivot would not have contracted with Moye unless the Agreement was agreed to and signed by Moye."  Id. (citing Document No. 4-2).

According to the parties' Agreement:  "[i]f a dispute arises out of or relates to this agreement jurisdiction and venue for suit shall be in the state or federal court for the state and county in which BROKER is located."  (Document No. 4-1, pp. 5-6) (quoting Document no. 4-2, p. 7).  Pivot is the Broker under the Agreement and is located in DuPage County, Illinois. (Document No. 4-1, p. 6).

Defendants contend that the dispute/allegations set forth in Plaintiffs' Complaint arise out of, or are otherwise related to, the Agreement.  (Document No. 4-1, pp. 6-7).  Defendants conclude, therefore, that the forum selection clause is enforceable and requires that this action be dismissed, or in the alternative, filed or transferred to the United States District Court for the District of Illinois.  (Document No. 4-1, pp. 7-8) (citations omitted).

In response, Plaintiffs argue that "there is no signed agreement" because there are "no signatures" on the attached Agreement. (Document No. 15, pp. 2, 4); see also (Document No. 4-2, p. 5).

Plaintiffs then go on to cite caselaw addressing forum selection clauses and venue. See (Document No. 15, pp. 2-4). Among those citations, Plaintiffs note that a forum-selection clause is a "significant factor that figures centrally in the district court's calculus" when considering whether to transfer a case. (Document No. 15, p. 2) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Moreover, "[a] party attempting to foreclose consideration of the forum-selection clause on the basis of invalidity bears a 'heavy burden of proof,' and must 'clearly show that enforcement would be unreasonable and unjust.'" Id. (quoting Nizam's Inst. of Med. Scis. v. Exch. Techs., Inc., 28 F.3d 1210 (4th Cir. 1994) (quoting The Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15-17 (1972)). Plaintiffs also cite a four-prong analysis for evaluating the enforceability of forum selection clauses. (Document No. 15, p. 4) (citing Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)(citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991))).

Although the caselaw cited by Plaintiffs tends to support enforcement of the underlying forum-selection clause, Plaintiffs ask the Court to find that enforcement "would be unreasonable under the circumstances." (Document No. 15, p. 5). The crux of Plaintiffs' position is that it would be too burdensome for them to "have to travel back and forth to Illinois." Id.

In reply, Defendants argue that "Theodore Moye's signature on the Broker Carrier Agreement is a valid signature." (Document No. 17, p. 2) (citing the Uniform Electronic Transaction Act, N.C.Gen.Stat.§ 66-311, *et seq*.). Defendants argue that the Uniform Electronic Transaction Act applies to the Agreement and states that "[a] record or signature may not be denied

7

legal effect or enforceability solely because it is in electronic form." (Document No. 17, p. 2) (citing N.C.Gen.Stat. § 66-317(a)). "If a law requires a signature, an electronic signature satisfies the law provided it complies with the provision of this Article." Id. (citing N.C.Gen.Stat. § 66-317(d)).

Defendants further argue that:

> Under the four-prong Allen analysis cited by Plaintiffs, the motion to transfer must be granted. First, Plaintiffs do not contend that the formation of the Broker Carrier Agreement or the forum-selection clause contained therein was induced by fraud or overreaching. Secondly, Plaintiffs would not be deprived their day in court. Costs involved in litigation apply to all parties, and Plaintiffs are not the only party who will incur costs as a result of this litigation. Plaintiffs will have their day in court, it will just be in a different state and forum. The Plaintiffs agreed to this arrangement when they electronically signed and agreed to the forum-selection clause set forth in the Broker Carrier Agreement. Third, Plaintiffs have not made any argument that the fundamental unfairness of the laws may deprive them of a remedy. Finally, the Plaintiffs have not argued that the enforcement forum-selection provision would contravene a strong public policy of the forum state. Therefore, based upon these factors, the forum-selection clause is reasonable and should be enforced by the court.

(Document No. 17, p. 4).

The undersigned finds persuasive Defendants' argument that there is an enforceable forum-selection clause in the parties' Agreement. Moreover, Plaintiffs' conclusory statement in response that there is "no signed contract," is inadequate to explain Defendants' attachment which begins with a page captioned "Signed Agreement Affidavit." See (Document No. 4-2, pp. 5-8). The Agreement and its formation are logically explained by the "Declaration Of John Ferguson" (Document No. 4-2, pp. 1-3).

Notably, the Complaint fails to mention the foregoing Agreement. (Document No. 1). Plaintiffs' response seems to acknowledge that a contract exists but focuses on the lack of

signature.  (Document No. 15).  Plaintiffs do not specifically deny executing the Agreement or address why a digitally signed agreement would be invalid or otherwise unenforceable.

In short, the undersigned finds that there is a valid forum-selection clause that provides sufficient cause to dismiss this action as to Defendants Pivot and Ferguson.  The undersigned will respectfully recommend that this matter be dismissed as to these Defendants, without prejudice to Plaintiffs (and/or Moye Trucking, LLC) filing a Complaint in the appropriate venue.

2. Process

Although the undersigned finds Defendants Ferguson and Pivot's argument pursuant to Fed.R.Civ.P. 12(b)(3) is sufficient to support dismissal, the undersigned will briefly address Defendants' arguments related to service of process.

Defendants assert that a "motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process."  (Document No. 4-1, p. 9) (citing Fed.R.Civ.P. 12(b)(4) and (5) and Washington v. Cedar Fair, L.P., No. 3:22-CV-244-MOC-DSC, 2023 WL 1456294, at *2 (W.D.N.C. Feb. 1, 2023)).

Defendants contend that "there is no dispute that the Defendants Ferguson and Pivot were not personally served with a copy of the Summons and Complaint in this lawsuit."  (Document No. 4-1, p. 11) (citing Document No. 4-2, ¶21).  "Rather, it appears that the Plaintiffs' Summons and Complaint (with missing Exhibits) were mailed to an office which Pivot shares with other companies."  (Document No. 4-1, p. 12).  Defendants assert that this does not comply with the requirement of "leaving copies thereof in the office of such officer, director, or managing agent with the person who is in charge of the office."  Id.  (citing Fed.R.Civ.P. 4(j)(1)(a) and (6)(a)).

9

In addition, Defendants argue that the Summons "was not accompanied by a full and complete copy of Plaintiffs' Complaint" because it was missing the referenced Exhibits. Id. Thus, Defendants conclude that service was also defective as to the "content of the documents served." Id.

Defendants also argue that the Court lacks personal jurisdiction based on Plaintiffs' failure "to comply with procedural requirements for proper process or service of process." Id. (citing Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998)).

In response, Plaintiffs first argue that "the Court should require the parties to work together cooperatively and cooperate when it comes to service of process." (Document No. 15, p. 5). Plaintiffs then argue that Defendants were properly served by certified mail. (Document No. 15, pp. 5-6)(citing Document No. 15-1).

In reply, Defendants argue that "there is no proof that the certified/registered mail was signed by John Ferguson, and the only evidence in the record is John Ferguson's Declaration establishing that he did not sign for receipt of the Summons and Complaint." (Document No. 17, pp. 4-5). Defendants contend that the USPS Tracking information cited by Plaintiffs only indicates "that the certified letter was 'delivered, front desk/reception/mail room,'" and does not show "who received and/or signed for this mailing." (Document No. 17, p. 5). Similarly, Defendants argue that Plaintiffs' exhibits fail to demonstrate that service was achieved on Pivot.

> By delivering the Summons and Complaint to someone other than an officer, director, managing or general agent, or other authorized agent, Plaintiffs f[a]iled to comply with the Federal Rules of Civil Procedure and/or the North Carolina General Statutes relating to service. Furthermore, Plaintiffs could have requested the Defendants to waive service, but failed to do so under Federal Rules of Civil Procedure, Rule 4(d).

(Document No. 17, p. 5).

Defendants conclude by reasserting that "there was insufficient process and/or insufficient service of process, and the Court lacks person[al] jurisdiction over Defendants." Id.

Defendants' arguments regarding process are also compelling, and, as stated above, the argument based on improper venue alone is adequate to support dismissal.

Based on the foregoing, the undersigned will recommend that Defendants Ferguson and Pivot's "Motion To Dismiss…" (Document No. 4) be granted, and that this action be dismissed as to Defendants Ferguson and Pivot, without prejudice to Plaintiffs filing a Complaint in the proper jurisdiction.

**B. "Motion To Dismiss" (Document No. 12)**.

The other motion to dismiss pending before the Court in this action was filed by Rose Acre Farms, Inc. ("Rose Acre"), which contends that it was improperly identified in the Complaint as "Hyde County Egg Farm." (Document No. 12, p. 1). Defendant Rose Acre asserts that there is no legal entity named "Hyde County Egg Farm"; rather, "Hyde County Egg Farm is merely a property where Defendant conducts some of its farming operations."[2] (Document No. 13, p. 7).

Rose Acre describes this case as having a "myriad [of] procedural deficiencies," as well as failing to state a claim upon which relief may be granted. (Document No. 13, p. 6). According to Rose Acre, Plaintiffs not only misidentified the appropriate Defendant(s), but Mr. and Ms. Moye lack standing to bring this action. (Document No. 13, p. 5). Instead, it is their company, Moye Trucking, LLC, that would have a claim arising out of the alleged facts and should have been the named Plaintiff. Id.

---

[2] The undersigned notes that even if Hyde County Egg Farm were a proper Defendant, it appears that its inclusion in this lawsuit would preclude the diversity jurisdiction Plaintiffs claim. See (Document No. 1, ¶¶ 1, 3, and 5); see also 28 U.S.C. §1332 (a)(1).

11

Defendant Rose Acre's conclusion neatly summarizes its multiple persuasive arguments for dismissal:

> Plaintiffs have failed to establish standing because they were not individually harmed; they have failed to establish personal jurisdiction by naming an entity that does not exist and failing to complete service; they have failed to bring this suit in the proper venue; they have failed to issue process in accordance with the Federal Rules of Civil Procedure; they have failed to properly serve such process; and they have failed to state a claim on which relief could be granted. For all these reasons, Defendant should be dismissed.

(Document no. 13, p. 10).

As noted above, Plaintiffs have failed to file any response to Rose Acre's "Motion To Dismiss" (Document No. 12). In fact, Plaintiffs have not made *any* filing in this case since October 16, 2023. Plaintiffs' failure to respond, along with the United States Postal Service's inability to deliver mail to Plaintiffs' address, suggests that Plaintiffs have moved away and/or have abandoned their claims in this lawsuit.

Based on Defendant Rose Acre's sound legal arguments and cited legal authority, the undersigned will recommend that the motion be <u>granted</u>, without prejudice to Plaintiffs filing a Complaint in the proper jurisdiction, naming the proper parties.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss For Lack Of Personal Jurisdiction, Improper Venue, Insufficient Process, And For Insufficient Service Of Process" (Document No. 4) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the "Motion To Dismiss" (Document No. 12) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 20, 2024

David C. Keesler
United States Magistrate Judge